|  |  |
|---|---|
| **MARY M. ZAPATA, ET AL.,** ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | Case No. 1:13-cv-22 |
| ) | |
| **THE UNITED STATES OF AMERICA, ET AL.,** ) | |
| ) | |
| Defendants. ) | |

## THE UNITED STATES' AND INDIVIDUAL FEDERAL DEFENDANTS' RESPONSE TO THE PLAINTIFFS' MOTION FOR ADDITIONAL TIME TO CONDUCT DISCOVERY, AMEND COMPLAINT, AND SUPPLEMENT RESPONSES TO PENDING MOTIONS TO DISMISS

The United States and the individual federal defendants oppose plaintiffs' motion for additional time because it is premature. There is currently a motion to stay all discovery before this Court. Dkt. No. 74. This motion is based primarily on the Supreme Court's decision that until the "threshold [qualified] immunity question is resolved, discovery should not be allowed," *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982); *see also Backe v. LeBlanc*, 691 F.3d 645, 648 (5th Cir. 2012) ("[A]s the Supreme Court has noted, that is *precisely* the point of qualified immunity: to protect public officials from expensive, intrusive discovery until and unless the requisite showing overcoming immunity is made.") (emphasis in the original). Therefore, there is no reason to set new dates for conducting discovery until the threshold issue of qualified immunity is resolved or there is a finding "that the plaintiff's pleadings assert facts which, if true, would overcome the defense of qualified immunity." Id.

Also, contrary to the plaintiffs' suggestion otherwise, it was appropriate for the United States and/or the individual federal defendants to move for reconsideration, file a notice of appeal, and move to stay discovery pending appeal. See Dkt. No. 74 at 2. The plaintiffs chose to bring suit against current and former federal employees in their <u>individual</u> capacity under *Bivens v. Six Unknown Fed. Narcotics Agents*, 403 U.S. 388 (1971). *Bivens* is a Supreme Court made remedy, and in formulating this remedy the Court also established the qualified immunity defense and has repeatedly indicated that discovery is inappropriate until the threshold issue of qualified immunity is decided. *See Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985) ("Unless the plaintiff's allegations state a claim of violation of clearly established law, a defendant pleading qualified immunity is entitled to dismissal before the commencement of discovery.") Therefore, it is the plaintiffs who are attempting to circumvent this Supreme Court provided defense by propounding discovery before the threshold qualified immunity issue has been appropriately addressed. This should not be allowed and the plaintiffs' request for additional time to conduct discovery, amend the complaint and supplement their responses to the pending motions to dismiss should be denied as premature.

## <u>CONCLUSION</u>

For the foregoing reasons, this Court should deny the plaintiffs' motion for additional time to conduct discovery, amend complaint and supplement responses to pending motions to dismiss.

Dated: September 12, 2013              Respectfully submitted,

                                       STUART F. DELERY
                                       Assistant Attorney General

                                       KENNETH MAGIDSON
                                       United States Attorney

RUPA BHATTACHARYYA
Director, Torts Branch

C. SALVATORE D'ALESSIO, JR.
Assistant Director, Torts Branch

/S/ Edward J. Martin
EDWARD J. MARTIN
Attorney-In-Charge
N.Y. Attorney Registration No. 2526739
Admitted *Pro Hac Vice*
U.S. Department of Justice
Civil Division, Torts Branch
P.O. Box 7146, Ben Franklin Station
Washington, D.C. 20044
Tel: 202-616-1024
Fax: 202-616-4314
Edward.Martin2@usdoj.gov

Counsel for the U.S. and the Individually
Named Federal Defendants

**CERTIFICATE OF SERVICE**

Pursuant to Local Rule 5.3, I hereby certify that on September 12, 2013, the foregoing

motion was served on counsel of record electronically by means of the Court's CM/ECF system.

In addition, copies were mailed to the party listed on the ECF docket as not receiving electronic

filings, Manuel Barba.

Dated: September 12, 2013          /S/ Edward J. Martin
                                   EDWARD J. MARTIN