# DEFENSE EXHIBIT 3

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | |
|---|---|
| MARY M. ZAPATA, Individually and as ) <br> Administrator of the Estate of ) <br> Jaime J. Zapata, et al. ) <br> ) <br> Plaintiffs, ) <br> ) <br> v. ) <br> ) <br> THE UNITED STATES OF AMERICA, ) <br> et al ) <br> ) <br> Defendants. ) <br> ) | CIVIL ACTION NO. 1:13-cv-00022 |

## DECLARATION OF AMY DeROCHER

I, Amy DeRocher of the Office of Workers' Compensation Programs, United States Department of Labor, hereby declares and states that:

1.     I am the Acting Chief of the Branch of Regulations, Policy and Procedure for the Division of Federal Employees' Compensation, Office of Workers' Compensation Programs (OWCP), United States Department of Labor, Washington, D.C., and as part of my duties and responsibilities, I am familiar with the actions of the OWCP regarding claims for compensation under the Federal Employees' Compensation Act ("FECA"), 5 U.S.C. § 8101 *et seq.* A review of Mr. Zapata's official FECA case files and the computer records maintained by OWCP reveals the following:

2.     I was provided and have reviewed a copy of the complaint filed by the plaintiffs in the above-captioned matter.

3.    I directed a search to be made of the records of OWCP, which disclosed that an OWCP case file had been opened in this case on behalf of Jaime Zapata, OWCP Case No. 092120736, based on the filing of an Official Superior's Report of Employee's Death.  No claim for death benefits pursuant to the FECA has been filed by the Jaime Zapata's parents in this matter with the OWCP.

4.    I was asked to render an opinion concerning the question of whether the FECA would cover the death referenced in this complaint.

5.    I issued an opinion, a true and correct copy of which is attached hereto as Attachment A, which concluded that "there is a significant possibility" of coverage under the FECA for Jaime Zapata's death, as he was employed by the federal government at the time of the alleged actions in the complaint.

6.    This opinion is based upon the assumption that all factual statements in the complaint are true and that no additional facts material to a determination on FECA coverage in this matter exist.

I declare under penalty of perjury that the foregoing is true and correct.  28 U.S.C. § 1746.

Dated this 6th day of November, 2013.

Amy DeRocher
Acting Chief, Branch of Regulations,
 Policy and Procedure
Division of Federal Employees' Compensation
OWCP

2

November 6, 2013

MEMORANDUM FOR:    Edward Martin
                         Senior Trial Attorney
                         Department of Justice, Civil Division, Torts Branch
                         Constitutional & Specialized Tort Litigation

FROM:                 Amy DeRocher
                         Acting Chief, Branch of Regulations,
                          Policy and Procedure
                         Division of Federal Employees' Compensation
                         OWCP

SUBJECT:          *Mary Zapata, Individually and as Administrator of the Estate of*
                         *Jaime J. Zapata v. United States et al.*
                         Civil Action No. 1:13-cv-00022

This is in response to your request for an advisory opinion on whether the death of Jaime Zapata, the subject of the above-entitled matter, would be covered under the Federal Employees' Compensation Act (FECA). The opinion expressed herein is based upon the facts alleged in the complaint filed in the above-referenced action, a copy of which I have been provided and have reviewed. Actual adjudication of a claim presented pursuant to the FECA based upon the events set forth in the complaint may disclose different or additional facts that substantially affect the ultimate determination of this matter.

Upon review of the allegations of the complaint, I conclude that there is a significant possibility that the death of Jaime Zapata may be covered under the FECA as causally related to factors of his federal employment. Jaime Zapata was a U.S. Immigration and Customs Enforcement (ICE) Special Agent on assignment in Mexico investigating the illegal export of firearms. Complaint Par. 36-39. On February 14, 2011 his Supervisors instructed Special Agent Zapata and Special Agent Avila to drive down a stretch of Mexico Highway 57 to pick up equipment on an unrelated case. Complaint Par. 37. On February 15, 2011, Special Agents Zapata and Avila were shot by several gunmen near Santa Maria del Rio, while travelling on Mexico Highway 57. Complaint Par. 39. Special Agent Zapata died from these wounds. Complaint Par. 39.

Special Agent Zapata's Official Superior filed an "Official Superior's Report of Employee's Death" on February 16, 2011, stating that he was in the performance of duty when he received gunshot wounds to the chest. The Office of Workers' Compensations Program (OWCP) assigned the case No. 092120736. The case record also contains a death certificate.

According to the OWCP case file, Special Agent Zapata was not married and did not have any children. A claims examiner informed Mr. Zapata's parents that they could file a claim for death

benefits. No such claim has been filed.

Analysis

The Federal Employees' Compensation Act provides that the United States shall pay compensation for the disability or death of an employee resulting from personal injury sustained while in the performance of duty. 5 U.S.C. § 8102(a). However, an award of compensation in a survivor's claim may not be based on surmise, conjecture, or speculation, or on a survivor's belief that the employee's death was caused, precipitated or aggravated by his employment. *Juanita Terry* (Rex Terry), 31 ECAB 433, 434 (1980).

The survivor has the burden of establishing by the weight of the reliable, probative, and substantial evidence that the employee's death was causally related to factors of his employment. *Lois E. Culver (Clair L. Culver)*, 53 ECAB 412 (2002); *Martha A. Whitson (Joe E. Whitson)*, 43 ECAB 1176 (1992); *Judith L. Albert (Charles P. Albert)*, 47 ECAB 810, 815 (1996). This burden includes the necessity of furnishing a rationalized medical opinion based on an accurate factual and medical background and supported by medical rationale explaining the nature of the cause and effect relationship between the employee's death and specific employment factors. *Kathy Marshall (Dennis Marshall)*, 45 ECAB 827, 832 (1994).

Pursuant to the FECA, parents who are financially dependent on a child are entitled to a monthly compensation if the death was causally related to factors of his federal employment. 5 U.S.C. § 8133 (a)(4). Even if the parents cannot establish financial dependence they are entitled to funeral expenses and other costs associated with his death pursuant to the FECA statute. *See* 5 U.S.C. § 8134; 5 U.S.C. § 8133(f).

In this instance, the factual evidence in the OWCP case record indicates that Special Agent Zapata's death was caused by a gunshot wound sustained while he was in the performance of duty. OWCP has not issued a decision in this case because his parents have not applied for death benefits. Absent the presentation of a claim for compensation by Special Agent Zapata's surviving parents, OWCP's usual practice is not to issue a formal determination regarding the question whether the evidence establishes that Special Agent Zapata's death was caused by factors of his federal employment.

Even if Special Agent Zapata's parents had formally applied for benefits, if they are claiming monthly compensation as a result of his death, they need to establish that they were, at least in part, financially dependent on his income. See 5 U.S.C. § 8133 (a)(4). If they are not claiming financial dependence, then they need to submit a claim for funeral expenses and other costs associated with his death. 5 U.S.C. § 8134; 5 U.S.C. § 8133(f).

2

Conclusion

Based on the facts alleged in the complaint, I therefore conclude there is a significant possibility of coverage under the FECA for Special Agent Zapata's death on February 15, 2011.

3