IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
ENTERED

JAN 1 2 2015

David J. Bradley, Clerk of Court

| | | |
|---|---|---|
| Mary M. Zapata, Individually and as Administrator of the Estate of Jaime J. Zapata; Amador Zapata, Jr.; and Victor Avila, Jr., <br>  *Plaintiffs*, <br><br>vs. <br><br>The United States of America; Manual Barba; Otilio Osorio; Ranferi Osorio; Kelvin Morrison; Blandon Derrick Shaffer; Robert Riendfliesh; Unknown FFL Dealer; O'Gara-Hess & Eisenhardt Armoring Company, L.L.C.; Unknown Vehicle Manufacturer/Outfitter; Department of Justice; Department of Homeland Security; Raul Aguilar; Kenneth Melson; William D. Newell; Hector Tarango; David Voth; Lanny Breuer; Luis Alvarez; Juan Gelista; Jerry Miles; Anthony Salisbury; Raul Aguilar; and John and Jane Does(s), <br>  *Defendants*. | § § § § § § § § § § § § § § § § § § § § § § § § | Civil Action No. 1:13-CV-022 |

## MEMORANDUM OPINION AND ORDER

I. Introduction

 Pending before the Court is Defendant O'Gara-Hess & Eisenhardt Armoring Company's ("O'Gara-Hess") Motion to Dismiss for Lack of Personal and Subject-Matter Jurisdiction [Doc. No. 112], Plaintiffs' Response [Doc. No. 117], and O'Gara-Hess's Reply [Doc. No. 118]. In their later-filed Motion to Transfer [Doc. No. 186], Plaintiffs concede that this Court probably lacks personal jurisdiction over O'Gara-Hess and requests that all their claims against the defendant be transferred a court with jurisdiction and proper venue in the Southern District of Ohio, Western

1

Division. O'Gara-Hess opposes this Motion to Transfer [Doc. No. 186], arguing that all claims against it should instead be dismissed for lack of subject-matter jurisdiction pursuant to the political question doctrine. Having considered the relevant motions and pleadings, this Court finds that the Plaintiffs' Motion to Transfer should be **GRANTED**.

II. Facts

In their Fifth Amended Complaint [Doc. No. 172], Plaintiffs allege that on February 15, 2011, Immigration and Customs Enforcement Special Agents Jaime J. Zapata and Victor Avila, Jr., were shot by drug cartel members during a mission in Mexico using firearms the United States purposefully permitted to cross the border as part of its law enforcement operations. Agent Zapata died from his wounds, and Agent Avila was severely injured. Agent Zapata's parents, Mary and Amador Zapata, as well as Agent Zapata's Estate and Agent Avila (collectively, "Plaintiffs") filed suit against the United States, various individual federal defendants[1], Government departments[2], automobile modification companies[3], federally licensed firearm dealers[4], and straw purchasers[5].

This Order addresses Plaintiffs' claims against Defendant O'Gara-Hess, the automobile modification company responsible for armoring the Chevrolet Suburban that Avila and Zapata were traveling in at the time of the attack. Plaintiffs allege that O'Gara-Hess failed to disable the Suburban's automatic unlocking feature, which allowed the vehicle's doors to unlock when it was placed in park. This feature, combined with the weight of the vehicle's armored doors,

---

[1] The individual federal defendants include: Raul Aguilar, Luis Alvarez, Lanny Breuer, Juan Gelista, Kenneth Melson, Jerry Miles, William D. Newell, Anthony Salisbury, Hector Tarango, and David Voth.
[2] These departments are the Department of Justice and the Department of Homeland Security.
[3] This includes O'Gara-Hess & Eisenhardt Armoring Co., L.L.C. and unknown vehicle manufacturers/outfitters.
[4] The federally licensed firearm dealers includes unknown federally licensed firearm dealers.
[5] The straw purchasers include Ranferi Osorio, Otilio Osorio, Kelvin Morrison, Manuel Barba, Robert Riendfliesh, and Blandon Derrick Shaffer.

allegedly caused the Suburban's doors to swing open when Agent Zapata placed the vehicle in park, permitting the attacking cartel members to avoid the vehicle's defenses. Plaintiffs' claims against O'Gara-Hess seek damages for a marketing defect, design defect, and negligent undertaking stemming from the modifications made to the Chevrolet Suburban.

III. Analysis

In its Motion to Dismiss [Doc. No. 112], O'Gara-Hess argues that this Court cannot properly exercise personal jurisdiction over it, a deficiency Plaintiffs have basically conceded in their Motion to Transfer. [Doc. No. 186]. In their Motion to Transfer, Plaintiffs also request that this Court rely on 28 U.S.C. § 1406(a) to transfer their claims against O'Gara-Hess to the Southern District of Ohio, Western Division, which can properly exert personal jurisdiction over the defendant[6]. Under § 1406(a), a district court in which a case is filed laying venue in the wrong district may transfer the case "to any district or division in which it could have been brought," provided that the transfer is in the interest of justice. 28 U.S.C. § 1406(a) (2014). The Fifth Circuit has broadly interpreted § 1406(a), and permits transfers to a court of proper venue to cure a lack of personal jurisdiction in the filing court. *See Koehring v. Hyde Const. Co.*, 324 F.2d 295, 297 (1963) (*quoting Goldlawr, Inc. v. Heiman*, 369 U.S. 463, 466-67 (1962)) . Transfers under § 1406 are preferred to dismissals particularly when plaintiffs would be barred from re-filing their claims in the proper district due to applicable statutes of limitations. *See Burnett v. N.Y. Cent. R.R. Co.*, 380 U.S. 424, 433-34 (1965).

Courts of proper venue are determined by 28 U.S.C. § 1391. According to § 1391, venue is proper in a judicial district "in which any defendant resides," or in a judicial district where a "substantial part of the events or omissions giving rise to the claim occurred . . . ." 28 U.S.C.

---

[6] O'Gara-Hess has pleaded that its principal place of business is in Ohio. [Doc. No. 112].

3

§ 1391 (2014). In this case, a substantial part of the events or omissions giving rise to Plaintiffs' claims against O'Gara-Hess occurred at O'Gara-Hess's Fairfield, Ohio location, where the vehicle modifications at issue in this case were completed. Further, were this Court to dismiss Plaintiffs' claims against O'Gara-Hess, they would likely be barred from re-filing them due to the governing statute of limitations applicable to products liability claims. *See* Ohio Rev. Code § 2305.10(A); Tex. Civ. Prac. & Rem. Code § 16.003. Accordingly, Plaintiffs' claims against O'Gara-Hess are transferred to the Southern District of Ohio, Western Division, which encompasses the city of Fairfield and which may properly exercise personal jurisdiction over the defendant.[7]

O'Gara-Hess argues, however, that Plaintiffs' claims against it should instead be dismissed because this Court lacks subject-matter jurisdiction over them due to the application of the political question doctrine. [Doc. No. 186]. The political question doctrine excludes from judicial review cases involving policy choices or value determinations that are constitutionally committed to the other branches of the federal government. *Japan Whaling Assn'n v. Am. Cetacean Soc'y*, 478 U.S. 221, 229-30 (1986). The Supreme Court has identified six characteristics of cases involving political questions, with the presence of one or more factors rendering a case nonjusticiable:

1. A textually demonstrable constitutional commitment of the issue to a coordinate political department;

2. A lack of judicially discoverable and manageable standards for resolving it;

---

[7] Absent a contrary ruling on the political question doctrine, the Southern District of Ohio, Western Division, will also be able to exercise subject-matter jurisdiction over the claims at issue. Although Plaintiffs have only pleaded supplemental jurisdiction in this Court, the Southern District of Ohio will in all likelihood have diversity jurisdiction over the Plaintiffs and O'Gara-Hess.

4

3. The impossibility of deciding without an initial policy determination of a kind clearly for nonjudicial discretion;

4. The impossibility of a court's undertaking independent resolution without expressing lack of the respect due coordinate branches of government;

5. An unusual need for unquestioning adherence to a political decision already made; or

6. The potentiality of embarrassment from multifarious pronouncement by various departments on one question.

*Baker v. Carr*, 369 U.S. 186, 217 (1962).

Here, the political question doctrine does not appear to bar Plaintiffs' claims against O'Gara-Hess. Guided particularly by the Fifth Circuit's decision in *Lane v. Halliburton*, this Court does not find that any of the *Baker* factors are so inextricably intertwined with the facts of this case to render Plaintiffs' claims against O'Gara-Hess nonjusticiable. In *Lane v. Halliburton*, the plaintiffs alleged that the defendants' recruitment materials made misrepresentations regarding the safety of contract work that would be performed in Iraq. 529 F.3d 548, 554-55 (5th Cir. 2008). After several of defendants' contractors were injured or killed in Iraq, plaintiffs brought claims against the defendants for fraud, intentional infliction of emotional distress, and negligence. *Id.* at 555. Overturning the district court's dismissal, the Fifth Circuit held that the political question doctrine did not bar the plaintiffs' tort claims against the defendants. *Id.* at 568. When reaching this conclusion, the Fifth Circuit focused particularly on several elements of the plaintiffs' case that demonstrated the inapplicability of the political question doctrine: the defendants in the case were not a coordinate branch of the federal government; the plaintiffs'

claims were ordinary torts; and the claims could be resolved by application of traditional tort standards. *Id.* at 560, 563.

In this case, the same principles that guided the Fifth Circuit's application of the *Baker* factors are present in Plaintiffs' claims against O'Gara-Hess. O'Gara-Hess is not a coordinate branch of the federal government, and as such has a higher burden to show that the claims against it involve a "constitutional commitment" of issues to a coordinate political department. *See id.* at 560 ("KBR is not part of a coordinate branch of the federal government. Therefore . . . KBR faces a 'double burden.'"). Further, Plaintiffs' claims seek damages under theories of negligence and product liability—ordinary torts suits that can be resolved through traditional legal standards.

In addition, it appears that courts in the Sixth Circuit—which encompasses the Southern District of Ohio—would also agree that the political question doctrine does not bar Plaintiffs' claims. In *Flanigan ex rel. Flanigan v. Westwind Technologies, Inc.*, the Western District of Tennessee held that the political question doctrine did not bar the plaintiff's claims that arose from a set of facts quite similar to those in the present case. 648 F. Supp. 2d 994, 996-97, 1003 (W.D. Tenn. 2008). At issue in *Flanigan* was the communication and visual references system manufactured by the defendants and used in the military's Apache helicopters. *Id.* at 996-97. The system was activated through cords that connected through the pilot's helmet; however, if the cords became disconnected, the pilot was required to unbuckle his shoulder harness to manually reconnect them. *Id.* In 2006, a pilot died when his Apache helicopter crashed after he lost control of the aircraft while trying to reconnect the defendants' communication system. *Id.* Plaintiffs subsequently brought claims against the defendant manufacturers for products liability, breach of warranty, and breach of contract. *Id.* at 997. Relying on several recent opinions—including the

Fifth Circuit's decision in *Lane v. Halliburton*—the court in *Flanigan* held that the political question doctrine did not bar the plaintiff's tort claims against the defendants. *Id.* at 1003. The similarities between the facts of *Flanigan* and those in the present case suggest that courts in the Sixth Circuit would similarly find that Plaintiffs' claims against O'Gara-Hess are not barred by the political question doctrine.

Regarding the applicability of the political question doctrine, caselaw suggests a detailed analysis of all claims and causes of action present in the litigation; however, these cases are also those in which the ruling court was called upon to determine whether to dismiss the claims for lack of jurisdiction because of the political question doctrine or to proceed to trial. *See Lane*, 529 F.3d at 554; *McMahon v. Presidential Airways, Inc.*, 502 F.3d 1331, 1337 (11th Cir. 2007); *Harris v. Kellogg, Brown & Root Services, Inc.*, 618 F. Supp. 2d 400, 403 (W.D. Penn. 2009); *Flanigan*, 648 F. Supp. 2d at 996. Since it is most likely clear that this Court does not have personal jurisdiction over O'Gara-Hess, this Court finds that this in-depth analysis should be reserved for the court with the power to make the ultimate decision in the case. Similarly, some courts have suggested that a choice-of-law analysis is a necessary prerequisite to any decisions regarding the applicability of the political question doctrine. *See McManaway v. KBR, Inc.*, No. 12-20763, 2013 WL 8359992 (5th Cir. 2013). Here, O'Gara-Hess has suggested that Ohio law controls, and Plaintiffs have suggested that either Ohio or Texas law controls. This Court finds it more appropriate for the ultimate choice-of-law governing Plaintiffs' claims to be left to the transferee court. Nevertheless, in doing so it appears to this Court that the application of either Ohio or Texas law would not change the political question analysis.

IV. <u>Conclusion</u>

At this stage of the litigation, the political question doctrine does not appear to bar Plaintiffs' claims against O'Gara-Hess. The Parties, however, have suggested that this Court cannot properly exercise personal jurisdiction over O'Gara-Hess. Therefore the interest of justice mandates that Plaintiffs' claims be transferred to a court that can properly exercise jurisdiction over the defendant. The Court finds that transferring this case to the Southern District of Ohio, Western Division, is appropriate under 28 U.S.C. § 1406(a). Plaintiffs' Motion to Transfer [Doc. No. 186] is therefore **GRANTED**. The case is hereby ordered transferred to the Southern District of Ohio, Western Division.

SIGNED this 12th day of January, 2015.

Andrew S. Hanen
United States District Judge