IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

MARY M ZAPATA, *et al.,* §
§
*Plaintiffs,* §
§
v. § Civil Action No. 1:13-CV-00022
§
MANUEL BARBA, *et al.,* §
§
*Defendants*. §
§

## **ORDER**

Presently before the Court is the Defendants' Motion for Summary Judgment on Plaintiffs' FOIA claims. [Doc. No. 215]. Plaintiffs have responded to that motion [Doc. No. 218], and Defendants have replied to that response. [Doc. No. 219]. The Court hereby grants the Defendants' Motion in-part and defers ruling in-part pending an *in camera* review of the documents in question.

I.

The Plaintiffs' Freedom of Information Act ("FOIA") requests have been summarized by the Defendants as follows:

- Answers to questions plaintiffs posed about the shooting incident resulting in the death of ICE Special Agent Zapata, as well as responses to written and oral questions asked by Senator Grassley and Congressman Issa about the incident;

- Copies of FBI 302s, DEA 6s, ICE ROIs, ATF documentation, or any other investigative reports linked to the shooting incident;

- An opportunity to inspect the vehicle in which Agent Zapata was shot; and

- Ideas about legislation that would improve and protect the lives of law enforcement officers, especially those working in Mexico.

To the extent that Plaintiffs still seek either ideas about legislation, or an opportunity to inspect the vehicle in which Agent Jaime Zapata was shot, the Court grants the Government's Summary Judgment Motion. While the latter request, and even the former to some extent, might be, in an appropriate circumstance, valid discovery requests, this factor does not shoehorn them into a valid FOIA request. Therefore, the Defendants' motion is granted and these requests are denied.

II.

The Government has, according to the pleadings in this case, produced some responsive documents to the Plaintiffs. Conversely, it has also claimed a variety of exemptions that allow it to withhold production of many other documents. It has produced *Vaughn* indexes which list the exemptions it is claiming over a variety of document groups. [See the exhibits attached to Doc. No. 215]. *See also Vaughn v. Rosen*, 484 F.2d 820 (D.D.C. 1973). Plaintiffs object not only to the breadth with which the Government has interpreted these exemptions, but also to the conclusion that these documents actually fall within the stated exemptions.

The Government in its exhibits has provided the Court with multiple declarations that set out how it searched for potential responsive documents and how each agency or department in question reviewed the documents. Those declarations also explain the exemptions claimed on various documents that it would have otherwise found responsive and produced. While the declarants are thorough as to those areas, it is clear to the Court that (at least based upon what facts were provided to the Court) that the declarants do not have personal knowledge that supports the application of the exemptions to the withheld documents. (For example, no one

2

professed knowledge of an underlying investigation that triggers the application of an exemption to a specific document). Further, the declarations do not contain facts that support the summary judgment as to the application of exemptions. At best, they contain only bare conclusions, and those conclusions are being made by someone who either does not have, or at least has not provided to the Court any facts that would lead anyone to think that they had personal knowledge of that exemption's application to any specific document. Consequently, this Court is not in a position to grant the Government's summary judgment motion on its claims for exemption.

Having said this, the Court is also not in a position to deny the application of any particular exemption to a group of documents as one or more exemptions may very well apply. Therefore, the Court hereby orders the Government to provide the documents to the Court *in camera*, grouped by agency and labeled as which exemptions it claims apply, to this Court's Houston chambers by August 10, 2018. Defendants are also given permission, if they so choose, to supplement their affidavits in an *in camera* fashion by that same date. The Court views this order just as it would view a review of documents over which a privilege is claimed and thus permits an *in camera* submission for this limited purpose. After review of those documents the Court will issue an appropriate order either granting or denying the motion for summary judgment (in whole or in part) or order additional briefing or set the matter for future hearings.

Signed this 6th day of July, 2018.

Andrew S. Hanen
United States District Court Judge